# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ANTHONY BRIAN WILLIAMSON**                                          **PETITIONER**

No. 4:20-cv-00922 KGB/PSH

**DEXTER PAYNE, Director,**
**Arkansas Department of Correction ("ADC")**                         **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Anthony Brian Williamson ("Williamson") seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Williamson is currently in the custody of the Arkansas Department of Correction (ADC). The conviction he challenges is a 2007 conviction from Garland County, Arkansas, for failure to register as a sex offender.

1

Williamson pleaded guilty to the failure to register charge and was sentenced to sixty months imprisonment. Williamson and respondent Dexter Payne ("Payne") agree that Williamson has served the entirety of this sentence.[1] His current custody in the ADC is the result of sentences for aggravated robbery and kidnapping convictions which are not the subject of this petition.

Because Williamson entered a guilty plea in 2007 to the failure to register charge, there was no direct appeal of the conviction. His sole post-conviction challenge to this conviction was a state court petition for writ of habeas corpus filed in June of 2020. Williamson alleged in state court that his conviction was invalid on its face, that the sentencing court was without jurisdiction, and the conviction and sentence were illegal. Docket entry no. 8-4. The state court dismissed the petition because Williamson was not currently incarcerated on the conviction which he challenged. Docket entry no. 8-5.

On August 10, 2020, Williamson filed his federal habeas corpus petition, alleging the following claims for relief:

1. Actual innocence;

2. His guilty plea was entered under duress and based on misinformation from

---

[1] While this alone is reason for dismissal of the petition at bar, the Court will also address Payne's statute of limitations argument in this Recommendation.

his attorney;

    3.  His guilty plea was entered as a result of conspiracy by state officials; and

    4.  He is subject to involuntary servitude.

Payne contends the petition should be dismissed for the following reasons: (1) Williamson is not in custody pursuant to the 2007 conviction he challenges; (2) Williamson failed to file this petition in a timely fashion; (3) Williamson's claims are procedurally barred due to his failure to adequately raise them in state court; and (4) Williamson's claim that he is subject to involuntary servitude is without merit. Docket entry no. 8. Williamson counters Payne's contentions in a response filed on September 21, 2020. Docket entry no. 9.

Williamson also moves for default judgment against Payne. Docket entry no. 7. This Recommendation will address both Payne's contentions that the habeas petition should be dismissed, and also Williamson's motion for default judgment. Williamson's petition should be dismissed, and Williamson's motion for default should be denied, for the reasons set forth below.

**Statute of Limitations:**

Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a

State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne contends that Williamson should have filed his federal habeas petition on or before January 12, 2009, in order to comply with the timeliness provisions of 28 U.S.C. § 2244. Payne is correct. Williamson's conviction became final on January 12, 2008, thirty days after the entry of the amended sentencing order, and the one year statute of limitations period expired on January 12, 2009. The petition at bar was filed in August 2020, more than 11 years after the conviction became final. *See Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015).

The Court notes that any time during which Williamson pursued a properly filed application for post-conviction relief should not be counted toward the limitations period. 28 U.S.C. § 2244(2). And while Williamson filed a state post-conviction habeas petition, that petition was not "properly filed" because Williamson was not incarcerated on the conviction he challenged at the time he sought state habeas relief. Thus, Williamson is not entitled to count the time during which he sought state habeas relief towards the limitations period. Additionally, even assuming the state habeas petition was "properly filed" as defined by 28 U.S.C. § 2244(2), "there was no federal limitations period remaining to toll." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). The federal habeas statute of limitations had run on January 12, 2009, well before Williamson filed his state habeas petition in June of 2020.

The Court also notes that the failure to timely file a habeas petition may be excused by equitable tolling:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Williamson, in his reply to Payne's response, offers two reasons why the limitations period should be equitably tolled: (1) he was the victim of a conspiracy perpetuated by state officials and his trial attorney resulting in his conviction; and (2) he is actually innocent of the crime.

Neither of the reasons advanced by Williamson serve to equitably toll the limitations period. The mere assertion of a conspiracy against Williamson resulting in his conviction is insufficient to toll the limitations period. Williamson offers no evidence to support the existence of a conspiracy, nor does he explain how such a conspiracy prevented him from seeking habeas relief for the year after his conviction became final. He does not claim that any fault on the part of Payne caused him to be late in filing, nor does he claim that any circumstances not attributable to his actions (other than this alleged conspiracy) caused him to be late in filing.

Williamson's assertion of actual innocence also does not excuse his failure to seek habeas relief during the limitations period. Pursuant to *McQuiggin v. Perkins*, 569 U.S. 383 (2013), actual innocence, if proved, may serve as a gateway through which a petitioner may pass to overcome the expiration of the statute of limitations. The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare.

The Supreme Court described evidence which may support a claim of actual innocence as follows:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). Such new evidence "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. This demanding standard is not met by Williamson's assertion of a conspiracy. Williamson fails to offer the "new reliable evidence" envisioned in *Schlup v. Delo, supra.* As a result, Williamson fails to establish actual innocence as a pathway to defeating the limitations period.

For the reasons stated herein, Williamson's August 2020 federal habeas petition was untimely filed and should be dismissed on that basis. [2]

**Default Judgment:**

Williamson contends Payne failed to respond to his petition in a timely manner and, as a result, he merits default judgment. The docket sheet reflects the following

---

[2] Because the Court finds that the statute of limitations bars Williamson's petition, the Court declines to address the other arguments made by Payne in his response to the habeas petition.

events:

 \* Petition filed on August 10, 2020.

 \* The Court Orders service of the petition by regular mail on August 18, and directs Payne to file an answer or other response within 21 days after service.

 \* Payne responds on September 8.

The motion for default should be denied for three reasons. First, Williamson does not demonstrate Payne's response is untimely. Indeed, the calculations show the response was timely even if Payne was served on the very day the Court ordered service. Second, Williamson does not plead or prove he was prejudiced, even assuming an untimely response was filed. Finally, default judgments are extreme and disfavored in habeas corpus cases. *See, e.g., Hale v. Lockhart*, 903 F.2d 545 (8th Cir. 1990).

For the foregoing reasons, Williamson's motion for default judgment (docket entry no. 7) should be denied.

### Conclusion:

The Court recommends that the petition for writ of habeas corpus be dismissed and the relief requested be denied because the petition is time-barred. The Court also

recommends that Williamson's motion for default judgment be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability should be denied.

IT IS SO RECOMMENDED this 6th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE