IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANTHONY BRIAN WILLIAMSON**                                  **PETITIONER**
**ADC #109343**

v.                          Case No. 4:20-cv-00922-KGB

**DEXTER PAYNE**                                                      **RESPONDENT**

## ORDER

Before the Court are the Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 13). Petitioner Anthony Brian Williamson has filed objections to the Findings and Recommendation (Dkt. Nos. 15, 16). After careful consideration of the Findings and Recommendation, Mr. Williamson's objections, and a *de novo* review of the record, the Court concludes that the Findings and Recommendation should be, and hereby are, approved and adopted as this Court's findings in all respects (Dkt. No. 13).

The Court writes to address respondent Dexter Payne's argument that the Court lacks jurisdiction because Mr. Williamson is not "in custody pursuant to the judgment of a State court" under 28 U.S.C. § 2254(a). Mr. Williamson, an inmate in the Arkansas Division of Corrections, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking release from custody. In his petition, Mr. Williamson challenges a conviction and sentence from November 2007, when Mr. Williamson pleaded guilty in the Circuit Court of Garland County, Arkansas, to failure to register as a sex offender (Dkt. Nos. 8-2, 8-3). Mr. Williamson and Mr. Payne agree that Mr. Williamson has served his sentence on that conviction in its entirety (Dkt. Nos. 8, at 4; 8-5; 16, at 2). He is currently incarcerated on sentences for aggravated robbery and kidnapping, which Mr. Williams does not challenge in this petition (Dkt. No. 2). As Judge Harris noted in her Findings

and Recommendation, this ground alone is adequate to dismiss Mr. Williamson's petition because he is no longer "in custody" under the conviction he challenges in his petition (Dkt. No. 13, n. 1).

The United States Supreme Court recently addressed whether such a habeas petitioner is "in custody pursuant to the judgment of a State court" under 28 U.S.C. § 2254.  *See Alaska v. Wright*, No. 20-940, 2021 WL 1602608, at *1 (U.S. Apr. 26, 2021) (per curiam).  A jury convicted petitioner Sean Wright of 13 counts of sexual abuse of a minor.  *Id.* (citing *State v. Wright*, 404 P.3d 166, 170 (Alaska 2017)).  Mr. Wright finished serving his sentence on the 13 counts in Alaska in 2016 and moved to Tennessee.  Once in Tennessee, Mr. Wright failed to register as a sex offender as required by federal law, and he later pleaded guilty to one count of failure to register and received a sentence of time served along with five years of supervised release.  *Id.*

During the course of his federal criminal proceedings, Mr. Wright filed a petition for a writ of habeas corpus in the United States District Court for the District of Alaska pursuant to 28 U.S.C. §§ 2241 and 2254, claiming that the Alaska Supreme Court had unreasonably applied clearly established federal law when it denied his Sixth Amendment claims and affirmed his 2009 state conviction and sentence.  The Alaska District Court denied Mr. Wright's petition on the grounds that he was not "in custody pursuant to the judgment of a State court."  *Id*. (citing § 2254(a)).  Noting that a proper motion under § 2254(a) requires more than merely being "in custody" *somewhere*, the court reasoned that "the proper procedure for Wright to challenge his current federal custody would be a motion filed in the Eastern District of Tennessee pursuant to 28 U.S.C. § 2255."  *Id.*

The Ninth Circuit Court of Appeals reversed stating that, in its view, Mr. Wright's state conviction was "'a necessary predicate'" to his federal conviction, so Mr. Wright was in fact in custody pursuant to the judgment of a state court.  *Id*. (citing *Wright v. Alaska*, 819 Fed. App'x.

2

544, 545 (9th Cir. 2020) (quoting *Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001)). The panel declined to assess the United States District Court for the District of Alaska's view that § 2255, rather than § 2254, provided the proper route for Mr. Wright to challenge his current custody. *Id*. (citing *Wright*, 819 Fed. App'x. at 546, n. 1). One judge on the Ninth Circuit's panel concurred and asserted that § 2254 was the proper mechanism for Mr. Wright to challenge his conviction "because Wright is not attacking the constitutionality of his federal conviction for failing to register as a sex offender in Tennessee; he is collaterally attacking the constitutionality of his predicate Alaska conviction for sexual abuse of a minor." *Id*. (quoting *Wright*, 819 Fed. App'x at 546).

The United States Supreme Court reversed the Ninth Circuit Court of Appeals in a *per curiam* opinion. The United States Supreme Court stated:

> In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (*per curiam*), we held that a habeas petitioner does not remain "in custody" under a conviction "after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Id.,* at 492, 109 S.Ct. 1923; see also *id.,* at 490, 109 S.Ct. 1923 (noting the "in custody" requirement appears in both §§ 2241(c)(3) and 2254(a)). It made no difference, we said, that the possibility of a prior-conviction enhancement had materialized for the habeas petitioner in that case: "When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Id.,* at 492–493, 109 S.Ct. 1923.

*Alaska v. Wright*, No. 20-940, 2021 WL 1602608, at *1 (U.S. Apr. 26, 2021). The United States Supreme Court concluded that the fact that Mr. Wright's "state conviction served as a predicate for his federal conviction thus did not render him 'in custody pursuant to the judgment of a State court' under § 2254(a)." *Id*. at 2. The same is true for Mr. Williamson, who is not "in custody" under § 2254(a) for failing to register as a sex offender.

For these reasons, the Court adopts the Findings and Recommendation in their entirety as this Court's findings in all respects (Dkt. No. 13). The Court dismisses Mr. Williamson's petition

3

for writ of habeas corpus (Dkt. No. 2). The relief requested is denied. Mr. Williamson's motion for default judgment pursuant to Federal Rule of Civil Procedure 55 and amended motion for discovery and to appoint counsel are denied as moot (Dkt. Nos. 7, 18). Mr. Williamson has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(1)-(2), and the Court denies a certificate of appealability.

So ordered, this 3rd day of August, 2021.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge